UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE SAFFOLD, JR.,

      Plaintiff,

      v.                                Case No. 25-cv-759-bhl

KEVIN BAUER, et al.,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Clarence Saffold, Jr., who is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Saffold paid the $405.00 civil case filing fee in full on May 23, 2025. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be

at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Saffold was a Wisconsin Department of Corrections inmate, who was confined at the Drug Abuse Correctional Center (DACC) in Winnebago. Dkt. No. 1, ¶1. Defendants are Offender Classification Specialist Kevin Bauer and Sector Chief Darryl Franklin. *Id*., ¶¶2-3.

According to the complaint, Saffold arrived at the DACC in November 2024 with a 13-month wait to begin his Earned Release Program (ERP). *Id*., ¶5. Due to the long wait, Saffold requested an early reclassification hearing to transfer to a work release center until his ERP start date. *Id*. Mr. Bauer denied the request because "there was no significant change to warrant an

2

Case 2:25-cv-00759-BHL  Filed 08/07/25  Page 2 of 7  Document 6

early recall" but he suggested that Saffold seek a work commitment. *Id*. As suggested, Saffold applied for work commitments and he was able to secure a 10-month work commitment at the Marshall Sheer Correctional Center (MSCC) in Milwaukee. *Id*.

On or around January 21, 2025, Mr. Bauer approved the 10-month work commitment at MSCC but said that Saffold would have to "forfeit" his scheduled ERP start date and that a new date would not be provided at that time. *Id.*, ¶6. Mr. Franklin later explained that an off-site work commitment two hours away was too hard to schedule; and Saffold would be at risk of missing his ERP start date. *Id.*, ¶7. Mr. Franklin recommended that Saffold find something closer at the Winnebago Correctional Center (WCC). *Id.*, ¶7. But there were no available work commitments at WCC at the time. *Id*. Saffold then contacted MSCC and renegotiated a 6-month work commitment, and that was denied as well. *Id*.

Saffold states that he knows of at least two other inmates who were approved for work commitments without forfeiting their ERP date. *Id.*, ¶¶10-12. He states that inmate Scott Harwood was approved for a 5-month vocational program at the Kenosha Correctional Center pending his 15-month EPR date. *Id.*, ¶10. Similarly, inmate Karl Brenneman was approved for a 4-month vocational program at the Sanger Powers Correction Center pending his 11-month EPR date. *Id*. Saffold explains that Mr. Franklin wrote a letter, sometime in April 2025, indicating that "the past practice of transferring PIOC from the DACC to temporary facility and holding their reservation date was not approved by this writer" and was discontinued due to "irresponsible use of state resources." *Id.*, ¶8. Saffold claims, however, that "there was no policy here at DACC." *Id.*, ¶11. For relief, Saffold seeks injunctive relief as well as monetary damages. *Id.*, ¶¶21-25.

3

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Saffold alleges that the "unfair treatment" he experienced in connection with his work commitment request violated his right to due process and equal protection under the Fourteenth Amendment. To state a due process claim, Saffold must allege that: (1) he was deprived of a constitutionally protected liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). It is well established that a prisoner has no protected liberty or property interest in receiving or retaining work assignments. *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Smith v. McCaughtry*, No. 09-C-0404, 2010 WL 697183, at *1 (E.D. Wis. Feb. 25, 2010). Saffold therefore fails to state a due process claim under the Fourteenth Amendment.

The Fourteenth Amendment also provides that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection violation, Saffold must allege that he was treated differently than similarly situated prisoners and that there was no rational basis for the difference in treatment. *See Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988) (noting that, in the context of prisons, "[u]nequal treatment among inmates [] is justified if it bears a rational relation to legitimate penal interest."). It is not enough for a prisoner to merely allege that other prisoners were treated differently. *See*

4

*id*. Instead, Saffold must allege that the "defendants intentionally treated him differently because of his race…ethnicity, sex, religion, or other proscribed factor…" *Lisle v. Welborn*, 933 F.3d 705, 719-20 (7th Cir. 2019). In other words, Saffold must allege "the existence of purposeful discrimination." *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Saffold alleges that he was not allowed to have a work commitment while waiting for his ERP date while at least two other inmates were. But, as noted above, it is not enough for Saffold to merely allege that other prisoners were treated differently than he was. Instead, he had to allege "purposeful discrimination," which he has not done. First, Saffold does not explain what he believes was the basis of the alleged discrimination, *i.e.*, race, age, religion, etc. Second, the facts he did allege appear to suggest that his work commitment was denied for logistical and financial reasons—because it was too far away and not a good use of state resources—not because of purposeful discrimination. Indeed, the alleged facts appear to suggest that, had Saffold picked a work commitment at the WCC (in Winnebago where he was located), it would have been approved. The Court cannot reasonably infer intentional or purposeful discrimination based on those alleged facts. Therefore, Saffold fails to state a Fourteenth Amendment equal protection claim, and the Court will dismiss the original complaint.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Saffold an opportunity to file an amended complaint to cure the deficiencies described above. Specifically, he should explain what he believes is the basis for the alleged discrimination and facts that support that allegation. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint

form. The Court will require Saffold to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Saffold is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Saffold files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Saffold does not file an amended complaint, the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Saffold may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Saffold files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Saffold does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Saffold a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Saffold is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on August 7, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge