UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE SAFFOLD, JR.,

        Plaintiff,

        v.                                    Case No. 25-cv-759-bhl

KEVIN BAUER, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Clarence Saffold, Jr., who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendants Kevin Bauer and Darryl Franklin denied his requests for a work commitment at the Drug Abuse Correctional Center in January 2025 in violation of the Fourteenth Amendment. Dkt. No. 1. On August 7, 2025, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 6. The Court concluded that Saffold did not have a "liberty" interest in having a work commitment; therefore, he had no due process claim under the Fourteenth Amendment. *Id*. at 4. The Court also concluded that, although Saffold may have an equal protection claim based on his allegation that two other similarly situated inmates received work assignments while he did not, he failed to allege a plausible basis for the alleged discrimination. *Id*. at 4-5. The Court then gave Saffold the opportunity to file an amended complaint within 30 days to clarify the basis of the alleged discrimination. *Id*. at 6.

On September 8, 2025, Saffold filed an amended complaint. Dkt. No. 7. The amended complaint realleges all the relevant facts and allegations from the original complaint and clarifies that the basis of the alleged discrimination was race. *Id*. Saffold states that he is African-American

while the other two inmates were Caucasian. *Id*. at 2-4. He alleges that there was no reasonable basis to allow the two Caucasian inmates to have work commitments while keeping their place in the Earned Release Program while he was required to give up his place in the Earned Release Program if he wanted a work commitment. *Id*. Based on these allegations, the Court can reasonably infer that Mr. Bauer and Mr. Franklin may have violated the equal protection clause of the Fourteenth Amendment. Therefore, Saffold may proceed on a Fourteenth Amendment equal protection claim against Mr. Bauer and Mr. Franklin in connection with allegations that they denied his work commitment requests at the Drug Abuse Correctional Center in January 2025 based on race.

Saffold also alleges that he has a due process claim based on a "state created liberty interest" under Wis. Admin. Code §302.17. *See* Dkt. No. 7 at 2-3. He states that he was not allowed to be present at an early reclassification hearing on January 22, 2025. *Id*. But Saffold provides no details on what happened as a result of the reclassification hearing. *Id*. To the extent Saffold's reclassification hearing hindered his efforts to acquire a work commitment, Saffold does not have a liberty interest in acquiring or retaining work commitments. *See Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Smith v. McCaughtry*, No. 09-C-0404, 2010 WL 697183, at *1 (E.D. Wis. Feb. 25, 2010). And to the extent Saffold believes that he had a liberty interest in being present at the reclassification hearing, it is well established Seventh Circuit law that a state created procedural right does not create a substantive liberty interest. *See Merritt v. Broglin*, 891 F.2d 169, 172 (7th Cir. 1989). Indeed, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The Court has also separately reviewed Wis. Admin. Code §302.17, and

2

contrary to Saffold's assertion, the statute does not require an inmate's presence at a reclassification hearing at all. Indeed, the statute specifically allows the classification expert to provide "[a] reason for the inmate's absence if not present during the hearing." *See* Wis. Admin. Code §302.17(4)(f)(1.). Saffold, therefore, still fails to state a Fourteenth Amendment due process claim and cannot proceed with one through this lawsuit. Accordingly,

**IT IS THEREFORE ORDERED** that Saffold may proceed on a Fourteenth Amendment equal protection claim against Mr. Bauer and Mr. Franklin in connection with allegations that they denied his work commitment requests at the Drug Abuse Correctional Center in January 2025 based on race.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Mr. Bauer and Mr. Franklin.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Mr. Bauer and Mr. Franklin shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on October 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge