UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE ALBERT SAFFOLD, JR.,

Plaintiff,

v.                                                            Case No. 25-cv-0759-bhl

KEVIN BAUER et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Clarence Saffold, Jr., is representing himself in this 42 U.S.C. §1983 case.  He is proceeding on a claim that Defendants violated his constitutional rights when they discriminated against him because of his race.  Dkt. No. 9.  On March 13, 2026, Defendants moved for summary judgment on the ground that Saffold failed to exhaust his available administrative remedies before filing his lawsuit.  Dkt. No. 28.  The Court notified Saffold that his response materials were due by April 13, 2026 and warned him that if he did not respond by the deadline, the Court would accept all facts asserted by Defendants as true and would decide the motion without his input.  *See* Civil L. R. 56(b)(4).  On April 9, 2026, at Saffold's request, the Court extended the response deadline to May 13, 2026.  The extended deadline has now passed, and Saffold has not responded to the motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment.  *See* Fed. R. Civ. P. 56(e)(3).  Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Saffold's failure to respond, the Court finds that Saffold did not notify the institution that he believed he was being treated differently from other inmates because of his race.  Dkt. No. 30 at ¶¶10-11; Dkt. No. 31-2 at 11-12.  Accordingly, because Saffold did not provide the institution with notice of the nature of the wrong at issue in this case, Saffold failed to exhaust the available administrative remedies and Defendants are entitled to summary judgment. *See Dye v. Kingston*, 130 F. App'x 52, 56 (7th Cir. 2005).

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on Saffold's failure to exhaust the administrative remedies (Dkt. No. 28) is **GRANTED** and this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Saffold's motions for a protective order (Dkt. Nos. 26, 33) are **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of May, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2